BRIGHT (UNITED STATES v.). See Case No. 14,647.

## Case No. 1,878.

### In re BRIGHTMAN et al.

[14 Blatchf. 130; [1] 15 N. B. R. 213.]

Circuit Court, N. D. New York. Feb. 12, 1877.

BANKRUPTCY—APPLICATION FOR DISCHARGE—DEFINITION OF "FINAL DISPOSITION OF THE CAUSE."

1. Under § 5108 of the Revised Statutes, as amended by the act of July 26th, 1876 (19 U. S. Stat. 102), which limits the time within which a bankrupt may apply for a discharge from his debts, to a time "before the final disposition of the cause," it is too late for him to apply for a discharge after his assignee has, under § 5096, been discharged from all liability, as assignee, to any creditor.

[Cited in Re Cross, Case No. 3,427; Re Marshall, 3 Fed. 221.]

2. The words, "the final disposition of the cause," mean the final disposition of the administration of the estate.

[In bankruptcy. Petition by William H. Brightman and Hiram B. Losee to review a decision of the district court for the southern district of New York, refusing their application for discharge. Affirmed.]

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Edward F. Bullard, for bankrupts.

JOHNSON, Circuit Judge. This is a petition by the bankrupts, to review the decision of the district judge refusing their application for an order to show cause why they should not be discharged from their debts. The refusal was placed upon the ground that there had been a final termination of the matter prior to the application for discharge. The adjudication was made on the petition of creditors, on the 22d of December, 1873, declaring the petitioners to be bankrupts. On the 20th of May, 1876, the accounts of their assignee were settled, and the assignee was discharged, in pursuance of section 5096, from all liability, as assignee, to any creditor of the bankrupts. The bankrupts aver, in their petition for a discharge, which bears date November 13th, 1876, that they have duly surrendered all their property and rights of property, and fully complied with and obeyed all the orders of the court touching their bankruptcy. The question thereupon arises, whether their application for a discharge was brought within the period fixed by section 5108 of the Revised Statutes. That section was amended by the act of July 26th, 1876 (19 Stat. 102), and the section, as amended, was declared to apply in all cases theretofore or thereafter commenced. The amendment consisted in the substitution of the words "before the final disposition of the cause," in place of the words "within one year from the adjudication of bankruptcy." Before the amendment, the section read as follows: "At any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts." Upon the construction of this section judicial opinions were not altogether in harmony. In some of the districts it was held that, where application for a discharge could not be made till after six months from the adjudication, it might be made at any distance of time after that period; in some, that the limitation of one year from the adjudication applied to all cases, as well those where the application for a discharge might be made after sixty days, as where it could not be made until after the lapse of six months. One especial grievance was, that a fixed period of a year should limit the right to apply for a discharge, although the affairs of the bankruptcy were during all the time involved in litigation, which was not terminated at its expiration. It was under these circumstances that the amendment was made. If the legislative intention had been to fix no limit of time after which the bankrupt could not apply for a discharge, that intent would have been unmistakably effected, by striking out the limiting phrase instead of altering its terms. Then it would have been plain, that at any time after the right to apply arose, under the provisions of the section, the bankrupt might make his application for a discharge. This, however, congress did not do. It has substituted for the fixed period of a year, the indefinite and varying period indicated by the phrase, "before the final disposition of the cause." If, then, we inquire what, in the sense of this section, is "the final disposition of the cause," it must be replied, that it is an event which may occur before the bankrupt has applied for a discharge, because it is made to fix the period before the expiration of which his application must be made. We cannot read it to mean that the bankrupt may apply to the court for his discharge at any time before the court has finally acted upon an application by him for a discharge. We are forced, therefore, to conclude that a final disposition of the cause may have taken place, although no application for a discharge has been made, and no action of the court had upon the subject. A cause in bankruptcy consists of two parts. The one embraces the administration of the estate, the other the matter of the bankrupt's personal discharge. According to the section of the statute in question, the application by the bankrupt for his discharge must be made before the final disposition of the administration of the estate. When the bankrupt has surrendered all his property, and the assignee, having administered it, and rendered his accounts, has been discharged by the court, the cause is ended. Nothing remains pending in the court, unless the bankrupt has made application for his discharge. The practice of the district courts affords no other definition of "the final disposition of the cause." There never in practice occurs any formal order of the court declaring the proceedings closed. A final disposition has taken place when the actual litigations are ended and the administration of the estate is closed. I think it was the purpose of congress to require the application for a discharge to be made before the administration of the estate should be completed; and I do not find in the language of the amended section any ground upon which I can extend the time beyond the actual termination of the pending proceedings for the administration of the estate. The order of the district court must be affirmed.